FILED

*Am*

OCT 1 6 2006    NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

DAN DAVIES,                          )
                Plaintiff,  )

        v.

CHICAGO POLICE OFFICERS BAUDILIO
LOPEZ JR, Star #2360, MARK DARCY,
Star #4499, MARTIN TULLY, Star #7817
Individually and as employee/agents
of the CITY OF CHICAGO, a municipal
corporation,
                Defendants.

06CV5587
JUDGE ANDERSEN
MAGISTRATE JUDGE KEYS

Magistrate

)
)
)
)    **JURY DEMAND**
)

### COMPLAINT

NOW COMES DAN DAVIES (hereinafter referred to as "PLAINTIFF"), by and through

his attorneys, Jeffrey J. Neslund and Theresa H. Unger, complains of Defendants, CITY OF

CHICAGO Police Officers BAUDILIO LOPEZ JR, Star #2360, MARK DARCY, Star #4499,

and MARTIN TULLY, Star #7817 (hereinafter referred to as "DEFENDANT OFFICERS"), as

follows:

### INTRODUCTION

1.      This is an action for civil damages brought pursuant to 42 U.S.C. §1983 for the

deprivation of Plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C.

§1331 and §1343.

2.      Venue in this district is proper pursuant to 28 U.S.C. §1391(b), because the facts

which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3.      Plaintiff, DAN DAVIES, is an individual who at all times relevant hereto was

living in the Northern District of Illinois.

4.      Defendants, CITY OF CHICAGO Police Officers BAUDILIO LOPEZ JR, Star #2360, MARK DARCY, Star #4499, and MARTIN TULLY, Star #7817, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5.      Plaintiff is a paraplegic who utilizes a wheelchair and wears a catheter.

6.      On January 9, 2006, Plaintiff was driving his vehicle carrying two passengers when he stopped for gas near 50th and Racine.

7.      Upon leaving the gas station, Plaintiff was pulled over by Defendants.

8.      The Defendant Officer ordered the plaintiff and his passengers out of the car.

9.      Plaintiff informed the Defendant Officer that he was paralyzed and had a catheter on his side and couldn't get out of the car without his wheelchair, which was in the back seat.

10.     The Defendant Officer then handcuffed Plaintiff to his steering wheel.

11.     Other Defendant Officers arrived and the Defendants began to search Plaintiff, his car, and his two passengers.

12.     Plaintiff repeatedly told the Defendants that he could get himself out of the vehicle if Defendants would hand him his wheelchair.

13.     One of the Defendant Officers began to strike Plaintiff on the back of his head and pound his head into the steering wheel.

14.     One of the Defendant Officers sprayed Plaintiff in the face with mace.

15.     Plaintiff began yelling out the window for someone to get his sister who lived down the street and began beeping the car's horn to gain the attention of others.

16.     The defendants forcibly pulled the plaintiff out of his car and attempted to remove the plaintiff's pants in the street.

17.     Plaintiff's catheter became unattached due to the Defendants behavior.

18.     Other Chicago police officers arrived on the scene and taped off the surrounding area.

19.     Once out of the vehicle, Plaintiff was re-handcuffed and held up while Defendants pulled Plaintiff's pants down and looked at him with a flashlight.

20.     After searching Plaintiff, the Defendant Officers dragged Plaintiff to the sidewalk.

21.     The Defendant Officers then picked Plaintiff up and threw him into the back of a squad car.

22.     Plaintiff remained in a twisted position in the back of a squad car until an ambulance arrived to transport him to the hospital.

23.     The ambulance personnel asked the Defendant Officers how the plaintiff ended up in the back of the squad car.

24.     The Defendants told the ambulance personnel to look the other way while officers forcibly pulled Plaintiff from the squad car and tossed him onto the ambulance's stretcher.

25.     Defendant Officers proceeded to arrest and charge Plaintiff with Possession of a Controlled Substance.

26.     The charge against Plaintiff was dismissed on February 2, 2006 stemming from the above incident in a manner that indicated his innocence.

## COUNT I – 42 U.S.C. §1983: Excessive Force

27.     PLAINTIFF re-alleges and incorporates the foregoing paragraphs 1-26 as fully stated herein.

3

28.     The acts of the DEFENDANT OFFICERS were a deliberate and malicious deprivation of the Plaintiff's constitutional rights against excessive force as guaranteed to the plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

29.     As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT OFFICERS, the plaintiff suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. 1983.

### COUNT II – 42 U.S.C. § 1983: False Arrest/Unlawful Detention

30.     PLAINTIFF re-alleges and incorporates paragraphs 1-26 as fully stated herein.

31.     As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained the PLAINTIFF without justification and without probable cause.

32.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the PLAINTIFF.

33.     As a result of the above-described wrongful infringement of the PLAINTIFF'S rights, PLAINTIFF suffered damages, including but not limited to mental distress and anguish.

### COUNT III – State Law Claim: Assault and Battery

34.     PLAINTIFF re-alleges and incorporates paragraphs 1-26 above as fully stated herein.

35.     As described in the preceding paragraphs, the conduct of Defendant Officers, acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff's bodily injuries.

4

36. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

37. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, City of CHICAGO, is liable for their actions.

## COUNT IV – State Law Claim: False Imprisonment

38. PLAINTIFF re-alleges and incorporates paragraphs 1-26 above as fully stated herein.

39. PLAINTIFF was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite DEFENDANT OFFICERS' knowledge that there was no probable cause for doing so.

40. DEFENDANT OFFICERS' actions set forth above were undertaken intentionally, with malice and reckless indifference to PLAINTIFF'S rights.

41. As a result of the above-described wrongful infringement of PLAINTIFF'S rights, PLAINTIFF suffered damages, including but not limited to mental distress and anguish.

42. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, the CITY OF CHICAGO, is liable for their actions.

## COUNT V – State Law Claim: Malicious Prosecution

43. PLAINTIFF re-alleges and incorporate paragraphs 1-26 above as fully stated herein.

44 PLAINTIFF was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously,

resulting in injury, and all such proceedings were terminated in PLAINTIFF'S favor in a manner indicative of innocence.

45.     EFENDANT OFFICERS accused PLAINTIFF of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

46      Statements of DEFENDANT OFFICERS regarding PLAINTIFF'S alleged culpability were made with knowledge that the statements were false and perjured. In so doing, DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information.

47      The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of others.

48.     As a result of the above-described wrongful infringement of PLAINTIFF'S rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

49.     The misconduct described in this Count was undertaken by DEFENDANT OFFICERS within the scope of their employment such that their employer, the CITY OF CHICAGO, is liable for their actions.

## COUNT VI – State Law Claim: Indemnification

50.     PLAINTIFF re-alleges and incorporates paragraphs 1-26 above as fully stated herein.

51.     In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

6

52.     DEFENDANT OFFICERS are or were employees of the CITY OF CHIAGO and

acted within the scope of their employment in committing the misconduct

described herein.

## REQUEST FOR RELIEF

53.     PLAINTIFF, DAN DAVIES, respectfully request that the Court:

      a.     Enter judgment in his favor and against DEFENDANT OFFICERS and

          the CITY OF CHICAGO.

      b.     Award compensatory damages against DEFENDANT OFFICERS and the

          CITY OF CHICAGO;

      c.     Award attorneys' fees against DEFENDANT OFFICERS and the CITY

          OF CHICAGO;

      d.     Award punitive damages against DEFENDANT OFFICERS; and

      e.     Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

PLAINTIFF, DAN DAVIES, demands a trial by jury under the Federal Rule of Civil

Procedure 38(b) on all issues so triable.

By: _____

Jeffrey J. Neslund

One of Plaintiff's Attorneys

Jeffrey J. Neslund
150 N. Wacker Drive
Suite 2460
Chicago, IL 60606
(312) 223-1100

Theresa H. Unger
6133 S. Ellis, 2nd Floor
Chicago, Illinois 60637
Phone: (773) 752-6950